UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BOBBIE-JO ANNA CARON,

     Plaintiff,

v.                            Case No.:  5:21-cv-519-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

---

## <u>OPINION AND ORDER</u>

Plaintiff Bobbie-Jo Anna Caron seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff filed an application for supplemental security income benefits on January 23, 2020, alleging disability beginning on October 15, 2019. (Tr. 98, 239-48). The application was denied initially and on reconsideration. (Tr. 98, 126).

Plaintiff requested a hearing and on June 1, 2021, a hearing was held before Administrative Law Judge ("ALJ") Jeffrey Ferguson. (Tr. 45-79). On July 7, 2021, the ALJ entered a decision finding Plaintiff not under a disability since January 23, 2020, the date the application was filed. (Tr. 10-33).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on August 23, 2021. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on October 22, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D.    Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 23, 2020, the application date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "posttraumatic stress disorder; attention deficit hyperactivity disorder; generalized anxiety disorder; major depressive disorder with psychotic features, recurrent urinary tract infections (UTIs); and essential hypertension." (Tr. 12). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 12).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except she can frequently climb ramps and stairs, and she can occasionally climb ladders, ropes and scaffolds. She can frequently stoop, kneel and crouch, and she can occasionally crawl. She can never work in loud or very loud environments. She must avoid concentrated exposure to extreme heat, extreme cold, vibration and [workplace] hazards such as moving machinery, moving mechanical parts and unprotected heights. She can understand and remember simple instructions, and she can frequently interact with the general public, coworkers and supervisors. She can maintain adequate concentration over the course of a normal 8-hour workday to perform simple tasks. She can successfully complete the initial training and probationary period, after which she can respond appropriately to infrequent changes in the work setting.

(Tr. 16-17).

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. (Tr. 31). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (44 on the application date), education (at least high school), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 31). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)   merchandise marker, DOT 209.587-034, light, SVP 2

(2)   cashier, DOT 211.462-010, light, SVP 2

(3)   cleaner housekeeping, DOT 323.687-014, light, SVP 2

(Tr. 32). The ALJ concluded that Plaintiff had not been under a disability since January 23, 2020, the date the application was filed. (Tr. 33).

## II.    Analysis

On appeal, Plaintiff raises one issue, whether the ALJ's RFC assessment accounted for all of Plaintiff's mental limitations that are supported by the record. (Doc. 20, p. 12). Plaintiff argues that the ALJ erred in finding the medical evidence did not establish debilitating depression or other mental health symptoms. (Doc. 20, p. 13-14). Plaintiff also argues that the ALJ erred in finding Plaintiff could frequently interact with other people, erred in drawing a negative inference from Plaintiff's daily activities, and erred in basing a denial of benefits on his own subjective judgment about Plaintiff's ability to concentrate at the hearing. (Doc. 20, p. 16-19)

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, because a Social Security disability

adjudication is an inquisitorial proceeding, "ALJs do not simply act as umpires calling balls and strikes." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). "They are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*. At step four, the task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016); *see also Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007).

Contrary to Plaintiff's argument, the ALJ thoroughly considered the medical evidence of record. To evaluate Plaintiff's mental condition, the ALJ considered the four broad functional areas, known as the paragraph B criteria. 20 C.F.R. § 416.920a(a). The ALJ found Plaintiff had moderate limitations in three of the four areas: (1) understanding, remembering, or applying information; (2)interacting with others; and (3) concentrating, persisting, or maintaining pace. (Tr. 13-15). In the fourth criteria, adapting or managing oneself, the ALJ found Plaintiff had mild limitations. (Tr. 15-16). The ALJ supported these determinations by citation to the mental health records from various providers, records from consultative examiners, and other evidence of record. (Tr. 13-15).

In assessing Plaintiff's RFC, the ALJ comprehensively summarized and considered: Plaintiff's testimony; the functional reports of record; pain questionnaires; fatigue questionnaires; anxiety questionnaires; and third-party reports. (Tr. 17-20). The ALJ went into great detail about these reports and questionnaires. (Tr. 17-20). The ALJ also considered Plaintiff's September and December 2019 involuntary hospitalizations, and treatment records for both physical and mental complaints. (Tr. 20-30). In the summary of the medical records, the ALJ included great details of Plaintiff's complaints and reports, and the medical providers' findings. (Tr. 20-30).

After a review of all of the evidence of record, the ALJ found, "The medical evidence does not establish headaches, weakness, fatigue, pain, anxiety, depression, nightmares, flashbacks, attention/concentration issues or any other symptom of the level and severity that would result in debilitating limitations." (Tr. 30). Plaintiff claims the evidence established that Plaintiff suffered from debilitating depression or other mental health symptoms. (Doc. 20, p. 13). Plaintiff then points to, among other things, Plaintiff's involuntary hospitalizations, and treatment notes showing she experienced depression, anxiety, post-traumatic stress disorder ("PTSD"), and auditory hallucinations. (Doc. 20, p. 13-15). While Plaintiff concedes that the ALJ did summarize some treatment notes, she claims that the ALJ did not offer any analysis on how the treatment notes were consistent with his conclusions that

Plaintiff's mental health symptoms were not debilitating and the ALJ cited no specific treatment notes that contradicted Plaintiff's symptoms and her limitations. (Doc. 20, p. 14-15). Plaintiff further argues that the ALJ failed to consider how Plaintiff's ongoing hallucinations, anxiety, and depression limited her ability to complete a full workday. (Doc. 20, p. 15).

Counter to Plaintiff's arguments, the ALJ listed many reasons to find Plaintiff's alleged symptom not of the level and severity that would result in debilitating limitations. (Tr. 30). The ALJ summed up and compared Plaintiff's alleged limitations with the medical and other evidence of record and found:

> The medical evidence does not establish headaches, weakness, fatigue, pain, anxiety, depression, nightmares, flashbacks, attention/concentration issues or any other symptom of the level and severity that would result in debilitating limitations. Nor does the medical evidence [sic] does not establish any medication side effects that would result in debilitating limitations and in fact, while the claimant has reported improvement in her conditions to her doctors with the use of her medication, the record shows that she has not always been compliant with her medication regimen. Additionally, while at hearing, the claimant reported medication side effects to include grogginess, sleepiness, body jerks/spasms and she indicated they affected her ability to understand and remember, she has frequently denied side effects to her medical professionals. While at hearing she reported the twitching and jerking would occur 4-5 times a week, medical evaluations consistently indicated she had no tremors or abnormal body movements. While at hearing and in function reports, she alleged great difficulties sleeping, she has repeatedly informed her doctors that she sleeps well with her medication. . . . While at hearing, she alleged she would get a couple of migraines a week, in her report of contact, she indicated she would get them 2-3 times a month. Mentally, at hearing and in function reports,

she alleged she could not be around people, she had difficulty leaving the house and people scared her. However, the record shows that she has a boyfriend and three friends, she shops in stores, she goes to the beach and she has been able to travel to North Carolina, to Jacksonville and "out of state," during the period in question. At hearing, and in function reports, she complained of extreme problems with attention and concentration, stating she was only able to pay attention to a 9-word sentence before losing her train of thought. However, she had no difficulty maintaining attention at hearing and the record shows that she is able to drive, take care of a 10-year-old child, manage money and pay bills. All these activities show she is much more capable in this area then she asks the undersigned to believe. While in one function report, she claimed she would only go outside twice a week, in a second questionnaire, she admitted she would go outside daily. While in one report, she claimed she had difficulty getting along with friends and family, in a second report, she denied this was an issue. While in one function report, she alleged she did not get along with authority figures at all, in a second report, she admitted she got along with authority figures "ok." While at hearing and in her function reports, she complained of severe hallucinations, she has informed doctors that the hallucinations are controlled with medication and the psychiatric strategies she has learned. It should also be noted that she has been very inconsistent when reporting her drug use to her doctors. The claimant has not required recurrent recent inpatient hospitalizations for mental or physical problems, recurrent emergency room visits, recurrent crisis center visits, surgeries, prolonged physical therapy, or chronic pain management treatment. The claimant's treatment has remained conservative only. The claimant's activities of daily living are self-restricted, as no treating source has advised the claimant to stay home all day, to lie down during the day or to restrict activities of daily living in any manner. Nor has the claimant been advised to refrain from performing all gainful work activity.

(Tr. 30-31). The ALJ weighed the evidence in support of Plaintiff's alleged debilitating limitations and the evidence that weighed against it. In the end, the ALJ found overall that the evidence did not support the level and severity that would

result in debilitating limitations. The ALJ furnished many substantial reasons in support of his findings. Moreover, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

Plaintiff's remaining arguments are similarly unavailing because Plaintiff seeks to have the Court impermissibly reweigh the evidence. Plaintiff argues the ALJ erred in finding her able to frequently interact with other people. (Doc. 20, p. 16). In support of this statement, the ALJ noted Plaintiff had a boyfriend, had three friends, shops, goes to the beach, and can travel to North Carolina and to Jacksonville. (Tr. 30). Plaintiff argues that she did not see her boyfriend as often as in the past, Plaintiff did not spend time with friends, and had extreme social anxiety and panic attacks when venturing out in public. (Doc. 20, p. 16). The ALJ may not have fully adopted Plaintiff's limitations, but did not totally discount them either. The ALJ limited the RFC to frequently interacting with the general public, coworkers, and supervisors. (Tr. 17). Again, the ALJ provided substantial reasons in support of his decision to find Plaintiff could frequently interact with others. The

ALJ scrutinized and weighed the evidence and the Court cannot reweigh the evidence or decide the facts anew. *See Mitchell*, 771 F.3d at 782.

Next, Plaintiff claims the ALJ erred in drawing a negative inference from her daily activities. (Doc. 20, p. 16). The ALJ noted that Plaintiff complained of extreme problems with attention and concentration and that she was only able to pay attention to a 9-word sentence before losing her train of thought. (Doc. 20, p. 30). The ALJ then recounted reports showing Plaintiff able to drive, take care of a 10-year-old child, manage money, and pay bills. (Tr. 30). Plaintiff claims she only takes care of her daughter about once every six weeks, can only drive short distances, has panic attacks when shopping in stores, has her mother assist with managing money, and needs her mother to encourage her to cook, clean, and for personal care. (Doc. 20, p. 17-18). Again, the ALJ considered Plaintiff's activities of daily living and took into account Plaintiff's reported limitations, but in weighing the evidence found Plaintiff not as limited as alleged. The Court cannot reweigh the evidence and Plaintiff must do more than point to evidence in the record that supports her allegations. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). She must show the absence of substantial evidence supporting the ALJ's conclusion. *Id.* Plaintiff has not met this burden.

Finally, Plaintiff argues that the ALJ erred in commenting that Plaintiff had no difficulty maintaining attention at the hearing. (Doc. 20, p. 18, Tr. 30). The ALJ

did not engage in improper "sit and squirm" jurisprudence here. "'Sit and squirm' jurisprudence occurs when 'an ALJ who is not a medical expert [ ] subjectively arrive[s] at an index of traits which he expects the claimant to manifest at the hearing' and denies the claim if the claimant does not exhibit them." *Wood v. Soc. Sec. Admin., Comm'r*, 726 F. App'x 742, 745 (11th Cir. 2018) (quoting *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). This did not happen here. The ALJ appropriately noted that Plaintiff was able to maintain attention during the hearing in contrast to her complaints that she could only pay attention to a 9-word sentence. (Tr. 30). The ALJ did not ignore the medical evidence or impose his own subjective standards, but simply commented on Plaintiff's ability to pay attention during the hearing, and considered it as one factor of many in reaching his decision.

For these reasons, substantial evidence supports the ALJ's assessment of the RFC. The ALJ followed the appropriate legal standards and did not err.

## II.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties